UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
CHLOE SWAIN, CAROLINA VASQUEZ, BRITTANY
KIECHLE, individually and on behalf of all
other persons similarly situated who were employed by
DEFENDANTS                                              Civil Action No: 20-cv

                    PLAINTIFFS,

            -AGAINST-                                   **COMPLAINT WITH
                                                        JURY TRIAL DEMAND**


DR. SHEILA M. JODLOWSKI, individually and in her
representative capacity, and HUDSON VALLEY
BEHAVIORAL SOLUTIONS, LLC

                    DEFENDANTS.
-----------------------------------------------------------------------


        Named Plaintiffs, CHLOE SWAIN, CAROLINA VASQUEZ, and BRITTANY

KIECHLE, ("Named Plaintiffs"), by their attorneys, Corbally, Gartland and Rappleyea, LLP, as

and for their Complaint against Defendants DR. SHEILA M. JODLOWSKI, individually and in

her representative capacity, and HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC

(collectively referred to as "Defendants"), alleges upon knowledge as to themselves,  and upon

information and belief, as to all similarly situated persons as follows:


                           PRELIMINARY STATEMENT

        1.      This action is brought on behalf of Named Plaintiffs and a putative class of

individuals ("the Class"), who performed work for Defendants as Paraprofessionals, Behavior

Analysts and other related positions to recover wages and benefits which Named Plaintiff and

members of the putative class were and are entitled to receive for work they performed.

2.     Named Plaintiffs, for themselves and on behalf of the putative class, also bring this action, pursuant to New York Labor Law ("NYLL") Article 19 § 663; NYLL Article 6 §§ 190, et seq.; and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2, to recover earned, but unpaid straight time and overtime compensation.

3.     By the conduct described in this Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), as well as the New York Labor Laws, including New York State wage and hour laws, set forth herein by failing to pay its employees, including Plaintiffs, overtime wages, spread-of-hours pay and noticed wages, for failing to provide lunch breaks, and for failing to maintain and provide accurate wage and pay records including, but not limited to, paystubs and W-2s.

4.     Moreover, Defendants, upon notice of the formation of the Class, threatened to sue its members for unrelated and false violations of the law in retaliation for the members asserting their legal rights.  Moreover, Defendants attempted to coerce represented class members into executing unconscionable settlement agreements with respect to its violations of FLSA and New York Labor Law and thereinafter failed to pay the settlements under same.

THE PARTIES

5.     Named Plaintiffs are individuals who reside in Orange, Putnam and Dutchess Counties in New York State and were employed by Defendants.

6.     Named Plaintiff, CHLOE SWAIN ("Ms. Swain"), was employed by Defendants as a Paraprofessional from April 2017 to January 2019.

7.     Named Plaintiff, CAROLINA VASQUEZ, was employed by Defendants from April 2017 to March 2019.

2

8.     Named Plaintiff, BRITTANY KIECHLE, was employed by Defendants as a Paraprofessional from July 2017 to January 2019.

9.     Named Plaintiffs and all other similarly situated persons ("Putative class," "Plaintiffs," "the Class," or "Class Members") qualify as "employees" as that term is defined under New York State and Federal Law.

10.     HUDSON VALLEY BEHAVIORAL HEALTH SOLUTIONS, LLC is a domestic business corporation organized and existing pursuant to the laws of the State of New York and is authorized to conduct business within the State of New York.

11.     Upon information and belief, HUDSON VALLEY BEHAVIORAL HEALTH SOLUTIONS, LLC maintains a facility that provides intervention for children on the autism spectrum.   Services also include Comprehensive ABA Assessments, Individualized Direct Instruction, Functional Behavior Assessments and Behavior Intervention Plans, School Consultations, Parent Training, Staff Training, Social Skills Classes & Special Events.

12.     Defendant DR. SHEILA M. JODLOWSKI ("Defendant JODLOWSKI") is a resident of the State of New York.  At all relevant times, Defendant JODLOWSKI was employed with HUDSON VALLEY BEHAVIORAL HEALTH SOLUTIONS, LLC in a supervisory capacity with management authority over Named Plaintiffs, including the authority to modify the terms and conditions of the Named Plaintiff's employment, as well as control and modify HUDSON VALLEY BEHAVIORAL HEALTH SOLUTIONS, LLC's pay practices, including, but not limited to the amount paid to Named Plaintiff.

13.     Moreover, Defendant JODLOWSKI is the owner and managing member of HUDSON VALLEY BEHAVIORAL HEALTH SOLUTIONS, LLC.

14.     At all times pertinent hereto, the Defendants were the "employer" of Plaintiffs within the meaning and intent of New York and Federal Law.  Upon information and belief, Defendants employ over thirty employees.

## JURISDICTION AND VENUE

15.     Defendants are subject to personal jurisdiction in New York because HUDSON VALLEY BEHAVIORAL HEALTH SOLUTIONS, LLC's principal office is located at 25 NY-376, Hopewell Junction, NY 12533, it transacts business within the State, and is a corporation which is licensed in New York State.  Furthermore, a substantial part of the events or omissions of Defendants, which give rise to the claims herein, occurred in New York State.

16.     Moreover, upon information and belief, Defendant JODLOWSKI resides in Dutchess County.

17.     Venue is also proper in this County pursuant to CPLR § 503, et seq. because one or more of the Plaintiffs reside in Dutchess County, New York.

## BASIS FOR CLASS AND COLLECTIVE ACTION

18.     This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules and a collective action pursuant to FLSA, 29 U.S.C.S. § 216(b), which provides that an action under the FLSA may be maintained against any employer in any federal or state court of competent jurisdiction.

19.     This action is brought on behalf of the Named Plaintiffs and a class consisting of each and every person employed as a Paraprofessionals, Behavior Analysts or similar capacities by Defendants since November 5, 2012.

20.     The putative class is so numerous that joinder of all members is impracticable.

21.     The size of the putative class is believed to be in excess of 100 individuals.  In addition, not all of the names of all potential members of the putative class are known.

22.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

23.     The claims of the Named Plaintiffs are typical of the claims of the putative class.

24.     The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.  Counsel for Named Plaintiffs has substantial experience handling complex wage and hour class actions.

25.     A class action and/or collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

COMMON FACTUAL ALLEGATIONS

Brittany Kiechle

26.     Named Plaintiff, BRITTANY KIECHLE, was employed by Defendants as a Paraprofessional from July 2017 to January 2019 as a non-exempt, hourly employee.

27.     Ms. Kiechle worked more than forty hours a week in June, July, and August 2017 and in June, July and August 2018.  Her hours were approximately 9:00 A.M. to 5:00 P.M. or 9:00 A.M. to 7:00 P.M.  Ms. Kiechle was not paid overtime or spread of hours pay in violation of New York State Labor law and the FLSA.

28.     Ms. Kiechle also frequently worked more than ten hours in one day from July 2017 to January 2019.  Defendants would frequently edit her time to make it appear as if she had not worked more than ten hours in one day and/or forty hours in one week.  Moreover, Defendants never paid Ms. Kiechle spread-of-hours pay.

5

29.     In addition, from the time that she was hired until approximately January 2019, Ms. Kiechle was not permitted to take a lunch break.  Ms. Kiechle was also required to work at least one Saturday per month without pay.  Eventually, Ms. Kiechle was forced to resign from her position with Defendants due to their numerous violations of New York State and federal law.

<u>Carolina Vasquez</u>

30.     Named Plaintiff, CAROLINA VASQUEZ, was employed by Defendants from April 2017 to March 2019 as a Paraprofessional.

31.     From April 2017 to September 2018, Ms. Vasquez was paid $15/hour bi-weekly.

32.     From September 2018 to November 2018, Ms. Vasquez was in the position of a senior Paraprofessional and was paid $17.69 per hour.

33.     From December 2018 to March 2019, Ms. Vasquez was in the position of Senior Paraprofessional and was paid $18.94 per hour.

34.     Ms. Vasquez often worked over forty hours per week and sometimes ten hours or more in one day but was not paid overtime or spread of hours pay.

35.     Moreover, Ms. Vasquez did not receive lunch breaks during her employment.  Ms. Vasquez was also required to work at least one Saturday per month without pay.

36.     On or about January 2019, upon learning that a Class had formed that was represented by the undersigned with respect to Defendants' violations of New York State Labor Law and the FLSA, Defendant JODLOWSKI approached her current employees, including Ms. Vasquez, with settlement agreements.  The settlement agreement presented to Ms. Vasquez provided that Ms. Vasquez was to waive all of her rights to any overtime and spread of hours pay in exchange for $100.00.

37.     Defendant JODLOWSKI, in sum or substance, threatened to fire Ms. Vasquez if she did not sign same.

38.     However, $100.00 was not adequate consideration for Ms. Vasquez's release of claims and it was impermissible under New York State and federal law for Defendants to negotiate a settlement with the class members without the authorization of the entire class.

39.     Concerned that she would be terminated, Ms. Vasquez executed same.

40.     Thereafter, Defendant JODLOWSKI did not provide Ms. Vasquez with a copy of the Settlement Agreement to provide to her counsel for review and did not pay Ms. Vasquez the agreed upon one hundred dollars ($100.00).  As such, the Agreement is null and void.

41.     Thereafter, VASQUEZ spoke to Defendant about a raise.  Defendant said that you have to have everyone sign the settlement agreements, especially Chloe.

<u>Chloe Swain</u>

42.     Named Plaintiff, CHLOE SWAIN ("Ms. Swain"), was employed by Defendants as a Paraprofessional from April 2017 to January 2019 full-time employee.  From April 2017 to August 2018, Ms. Swain was paid an hourly rate of $15.00 per hour.  Ms. Swain's job duties including working directly with students with autism, communicating with parents, collecting data using data collection system, answering phones, making appointments, and cleaning.

43.     Ms. Swain worked over 8 hours each day from approximately 9:30 to 7:00 PM.  Moreover, Ms. Swain was required to work at least one Saturday per month without pay.

44.     Defendants refused to pay Ms. Swain overtime or spread of hours pay during her employment.   When Ms. Swain complained to Defendants regarding same, Defendants, in retaliation, began to pay her a salaried amount of $36,800.00 per year and told her that her position was now exempt.

45.     Ms. Swain was not the only employee of Defendants whose position was reclassified after the employees complained about not being paid the correct amount of overtime. Plaintiffs bring this action on behalf of those class members as well.

46.     Moreover, Ms. Swain did not receive lunch breaks during her employment.  In approximately October or November 2019, upon learning that a class action was forming, Defendants began to permit Ms. Swain to take a lunch break.

47.     On or around November or December 2019, Defendant JODLOWSKI approached Ms. Swain and told her to sign a settlement agreement wherein she would waive her right to overtime and spread of hours pay due to her in exchange for approximately $50.00.  Ms. Swain refused to sign same.

48.     In retaliation for Ms. Swain's refusal to sign same, Defendant JODLOWSKI subjected Ms. Swain to a hostile work environment.  The hostile work environment included treating Ms. Swain poorly, berating her, and calling unwanted and unfavorable attention to Ms. Swain, including questioning Ms. Swain about whether she knew that other employees had retained counsel pertaining to the wage and hour violation allegations.  Eventually, due to Defendant JODLOWSKI's treatment of Ms. Swain, Ms. Swain quit her employment with Defendants.

49.     In 2017 and 2018, numerous employees complained to Defendants about not being paid overtime when they would work over forty hours.  However, Defendant JODLOWSKI would retort "I'm not paying them overtime" or "we don't do that here."

50.     Many of Defendants' salaried employees were assigned menial tasks such as organizing, cleaning the kitchen, doing dishes, scheduling and calling clients back.  However, Defendants purposely misclassified these employees as salaried in order to avoid paying them

overtime.  In fact, Defendant JODLOWSKI told the employees, including Named Plaintiffs that she was taking the full-time hourly salaried employees and making them salary to avoid having to pay them overtime.

51.     On information and belief, Defendants willfully paid Named Plaintiffs and the other members of the putative class less than the rates of wages and benefits to which Named Plaintiffs and the other members of the putative class were entitled.

52.     From approximately 2015 to 2018, Defendant JODLOWSKI would frequently sign into Gusto, the employees' time keeping system and make "corrections" on her own.  These corrections would be to shorten any employees' time that went over 40 hours per week to avoid having to pay any employees overtime.

53.     Only if an employee was to complain would Defendant JODLOWSKI state that she would "make an exception" and pay the employee overtime.

54.     Most employees for Defendants consistently work 60 to 65 hours per week without being paid overtime and without lunch breaks.

55.     Named Plaintiffs and upon information and belief, members of the putative class, were required to sometimes work more than ten hours in a given day and their hours and days, including the amount of same, could vary.  Furthermore, Named Plaintiffs often worked more than forty (40) hours in a given work week.

56.     Named Plaintiffs, and upon information and belief, members of the putative class did not always receive accurate paystub and/or other notice of their hours and the amount of their wages from Defendants as required under Federal and State Law.

57.     Upon information and belief, upon learning that the Class had formed and after being reported to New York State for violations of wage and hour law during unemployment

hearings, Defendants altered and changed the prior schedules of the Class Members to make it appear as if the Class Members had not worked over 40 hours in a week without payment.

58.    The hours reflected on Named Plaintiffs' paystubs which they did receive did not accurately reflect the hours worked by Named Plaintiffs.

59.    Named Plaintiffs and, upon information and belief, the putative class did not receive the amount of wages equal to their regular hourly rate including, but not limited to, noticed pay increases.

60.    Defendants were aware that it failed to pay its employees the accurate amount of wages as given on notices provided to their employees, including noticed pay increases.

61.    Moreover, Named Plaintiffs and those similarly situated often worked more than ten (10) hours in a given day, but did not receive spread of hours pay in violation of New York State and Federal law.

62.    Furthermore, upon information and belief, Defendants maintained a policy and practice of failing to keep accurate records with respect to the time worked by its employees, including, but not limited to W-2 forms, paystubs, and other documentation.

63.    Furthermore, upon information and belief, Defendants were aware that it did not keep accurate records of hours worked by the Named Plaintiffs, the putative class members, and their rates of pay.

64.    That is, Plaintiffs' hours, and upon information and belief, the putative class members' hours, were not accurately and consistently recorded on pay stubs, and Plaintiffs were never required to otherwise record their time.

65.    Moreover, throughout their employment with Defendants, Plaintiffs and the members of the putative class consistently worked more than 40 hours per week.

66.     Upon information and belief, Defendants maintained a policy and practice of shortening the hours worked by Named Plaintiffs and members of the putative class.

67.     Upon information and belief, when Named Plaintiffs and members of the putative class worked over 40 hours in a week, they often did not receive any wages at all, including overtime compensation, at the rate of one and one half (1 ½) times the regular rate of pay.

68.     Moreover, Defendants were aware that Plaintiffs and the members of the putative class worked more than 40 hours per workweek, yet Defendants failed to pay them any overtime compensation for all of the hours worked over 40 in a workweek.

69.     Named Plaintiffs and the putative class members' primary duties would vary but were not management.

70.     Named Plaintiffs and the putative class members' primary duties included non-exempt duties including taking phone calls, scheduling appointments, and cleaning.

71.     Named Plaintiffs and the putative class members spent the vast majority of their time performing these non-exempt duties.

72.     Named Plaintiffs and the putative class members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices and procedures set by Defendants.  Named Plaintiffs and the putative class members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

73.     Named Plaintiffs and the putative class members did not have authority (a) to create or implement management policies, practices, and procedures for Defendants; (b) to commit Defendants in matters having significant financial impact; (c) to set employees' wages; (d) to

determine how many labor hours could be allocated to their branch; or (e) to hire, fire, or promote employees.

COLLECTIVE-WIDE FACTUAL ALLEGATIONS

74.     The Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

75.     Named Plaintiffs and the putative class members ("Plaintiffs") bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who performed work for Defendants and who elect to opt-in to this action (the "FLSA Collective").

76.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

77.     Defendants have willfully engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

a.   failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;
b.   misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and
c.   failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

78.     Defendants are aware or should have been aware that federal law required them to pay employees, including Plaintiffs, putative class members, and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek, as well as their wages as noticed.

79.     Plaintiffs and the FLSA Collective have all performed the same primary duty. Defendants' unlawful conduct has been willful, widespread, repeated and consistent.

## NEW YORK CLASS ACTION ALLEGATIONS

80.     Plaintiffs also bring the remaining Causes of Action, the NYLL claims, under Article 9 of the New York Civil Practice Law and Rules on behalf of themselves and all employees who have worked at for Defendants in New York State between November 5, 2012 and the date of final judgment in this matter (the "New York Class Period") (the "New York Class").

81.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns and successors, or any individual who has, or who at any time during the New York Class Period has had, a controlling interest in Defendants; the Judges to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

82.     The members of the New York Class are so numerous that joinder of all members is impracticable.

83.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following: whether Defendants failed to compensate the Named Plaintiffs and the New York Class for hours worked in excess of 40 hours per workweek, as well as their hourly wage; whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Named Plaintiffs and the New York Class, and other records required by the NYLL; whether Defendants failed to pay its employees spread-of-hours pay and maintained a policy whereby it would withhold such pay; whether Defendants' policy of failing to pay workers was instituted

willfully or with reckless disregard of the law; and the proper measure of damages sustained by members of the New York Class.

84.     The claims of the Named Plaintiffs are typical of the claims of the New York Class he seeks to represent.

85.     The Named Plaintiffs and members of the New York Class enjoy the same statutory rights under the NYLL to be paid overtime wages and statutory damages.

86.     The Named Plaintiffs and members of the New York Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

87.     The Named Plaintiffs and the members of the New York Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct.

88.     The Named Plaintiffs will fairly and adequately represent and protect the interests of the members of the New York Class.

89.     The Named Plaintiffs understand that as class representative, they assume fiduciary responsibilities to the class to represent its interests fairly and adequately.

90.     The Named Plaintiffs recognize that as class representative, they must represent and consider the interests of the class just as they would represent and consider their own interests.

91.     The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor his own interests over the interests of the class.

92.     The Named Plaintiffs recognizes that any resolution of a class action must be in the best interest of the class.

93.    The Named Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

94.    The Named Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Named Plaintiffs and the New York Class members.  All Class Members have signed conflict waivers if necessary.

95.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96.    The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures.

97.    Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

98.    Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

99.    In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

100.    This action is properly maintainable as a class action under Article 9 of the New York Civil Practice Law and Rules.

<u>FIRST CAUSE OF ACTION</u>

Fair Labor Standards Act – Overtime Wages (Brought on behalf of Plaintiffs and the FLSA Collective)

101.    Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

102.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

103.    Named Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

104.    At all relevant times, Named Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

105.    The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

106.    Defendants are an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

107.    At all times relevant, Named Plaintiffs and the putative class were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

108.    Defendants have failed to pay Named Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

109.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

110.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

111.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, per 29 U.S.C. § 255.

112.     As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq. 128.

113.     As a result of the unlawful acts of Defendants, Named Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

<u>SECOND CAUSE OF ACTION</u>

New York Labor Law – Unpaid Overtime (Brought on behalf of the Named Plaintiff and the New York Class)

114.     Pursuant to New York Labor Law, workers, such as the Named Plaintiffs and other members of the putative class ("the New York Class"), are protected from wage underpayments and improper employment practices. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate."  New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

115.     Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."  As persons employed for hire by Defendants, the Named Plaintiffs and other members of the putative class are "employees," as understood in NYLL § 651 and case law interpreting the same.

116.     Defendants are an "employer" within the meaning of NYLL § 651.

117.    The Named Plaintiffs and other members of the putative class worked more than forty hours per week while working for Defendants.  Upon information and belief, the Named Plaintiffs and other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.  Consequently, by failing to pay the Named Plaintiffs and other members of the putative class overtime compensation, Defendants violated New York Labor Law § 663; New York Labor Law §§ 190 et seq.; and 12 NYCRR § 142-2.2.

118.    By the foregoing reasons, Defendants have violated New York Labor Law and are liable to Named Plaintiffs and members of the putative class for all damages allowable under the New York Labor Law and Article 9 of the CPLR in an amount to be determined at trial, plus interest, attorneys' fees, and costs, and such other and further damages permitted under the NYLL or CPLR.

<u>THIRD CLAIM FOR RELIEF</u>

New York Labor Law Wages, including Overtime (Brought by Plaintiff, Individually and on Behalf of the Class)

119.    Plaintiffs, on behalf of themselves and the New York Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

120.    It is unlawful under New York law for an employer to suffer or permit a nonexempt employee to work more than 40 hours in a workweek ("overtime hours") without paying the required overtime wages for the overtime hours worked, as well as failing to pay them their noticed hourly rate.

121.    Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly violated the Plaintiffs' and the New York Class Members' rights by failing to pay them

compensation at the required overtime compensation at the required overtime rates, as well as their noticed hourly rate for all hours worked in violation of the NYLL and its regulations.

122.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the New York Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

123.    Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves and the New York Class Members, seek damages in the amount of their respective unpaid wages, including overtime compensation, prejudgment and post-judgment interest, and attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

<u>FOURTH CAUSE OF ACTION</u>

New York Labor Law – Record Keeping Violations - (Brought on behalf of the Named and the New York Class)

124.    The Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    Defendants have willfully failed to supply the Named Plaintiffs and the members of the New York Class notice as required by NYLL Article 6, § 195, in English or in the language identified by the New York Plaintiffs and the members of the New York Class as their primary language, containing the New York Plaintiffs' and the members of the New York Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

126.   Defendants have willfully failed to supply the New York Plaintiffs and the members of the New York Class with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

127.   Due to Defendants' violations of the NYLL, the New York Plaintiffs and the members of the New York Class are entitled to recover from Defendants $100 for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

<u>FIFTH CLAIM FOR RELIEF</u>

Unjust Enrichment (Brought by Plaintiffs Individually and on Behalf of the Class)

128.   Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.

129.   Plaintiffs and the members of the Class provided services and/or work to Defendants for which Defendants understood that they were obligated to pay wages.

130.    Defendants did not pay wages for the services and/or work provided by Named Plaintiffs and putative class.

131.    Defendants were unjustly enriched at the expense of Named Plaintiffs and the putative class.

132.    Accordingly, Named Plaintiffs and the putative class are now entitled to recover damages, plus interest.

<u>SIXTH CLAIM FOR RELIEF</u>

New York Labor Law - Failure to Pay Spread of Hours Wages (Brought by Plaintiff, Individually and on Behalf of the Class)

133.    Named Plaintiffs, on behalf of themselves and the New York Class Members, realleges and incorporates by reference all previous paragraphs.

134.    Plaintiffs and the New York Class Members regularly ended their workday more than ten (10) hours after the beginning of their workday.

135.    Throughout the Class Period, Defendants willfully and intentionally failed to compensate Plaintiffs and the New York Class Members additional compensation of one hour's pay at the basic New York minimum hourly wage rate for each day that the interval between the beginning and end of their workday was greater than ten (10) hours, as required by the NYLL and implementing regulations.

136.    By virtue of Defendants' failure to pay Plaintiffs and the New York Class Members spread-of hours pay, Defendants have violated the NYLL and its regulations.

137.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Named Plaintiffs and the New York Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

138.   Due to Defendant's NYLL violations, Named Plaintiffs, on behalf of themselves and the New York Class Members, seek damages in the amount of their respective unpaid spread of hours wages, prejudgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper

## SEVENTH CLAIM FOR RELIEF

(Notice & Wage Statement Violations – NYLL §195, Brought by Plaintiff Individually)

139.   Named Plaintiffs, individually, and on behalf of the putative class, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

140.   Defendants have willfully failed to supply Named Plaintiffs and the putative class with the notice required by NYLL § 195(1), in English or in the languages identified by Plaintiffs and the putative class as their primary languages, containing their "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

141.   Defendants have willfully failed to supply Plaintiffs and the putative class members with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

142.    Due to Defendants' violations of the NYLL§ 195(1), Plaintiffs and the putative class are entitled to $50 dollars for each workday in which the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

143.    Due to Defendants' violations of the NYLL § 195(3), Plaintiffs and the putative class are entitled to recover from Defendants $250 for each workday on or after April 9, 2011, on which the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated members of the putative class, including, but not limited to the FLSA Collective and the New York Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action and/or collective action pursuant to Article 9 of the CPLR and the FLSA on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class and/or collective;

b. An order tolling the statute of limitations;

c. An award of unpaid wages, spread of hours wages, overtime wages and minimum wages;

and statutory and punitive damages due under the FLSA, New York Labor Law and New York common law;

d. An award of pre-judgment and post-judgment interest;

e. An award of costs and expenses of this action together with reasonable attorneys' fees; and

f. Such other and further relief as the Court deems just and necessary.

Dated:      Poughkeepsie, New York
              January 7, 2020

                                CORBALLY, GARTLAND AND RAPPLEYEA, LLP

                                _____/s/ Brooke D. Youngwirth_____
                                Brooke D. Youngwirth, Esq. (BY1210)
                                *Attorneys for Plaintiffs*
                                35 Market Street
                                Poughkeepsie, New York 12601
                                (845) 454-1110