UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
CHLOE SWAIN, CAROLINA VASQUEZ, BRITTANY
KIECHLE, MATTHEW CERASARO, and OLIVIA
SCIACOVELLI, individually and on behalf of all
other persons similarly situated who were employed by
DEFENDANTS,

                    PLAINTIFFS,

                    -AGAINST-

DR. SHEILA M. JODLOWSKI, individually and in her
representative capacity, and HUDSON VALLEY
BEHAVIORAL SOLUTIONS, LLC,

                  DEFENDANTS.
------------------------------------------------------------------------

Civil Action No: 7:20-cv-00617-AEK

**REVISED CHEEKS SUBMISSION**

## <u>Background of Claim and Settlement</u>

Plaintiffs' counsel and Defendants' counsel request that Your Honor approve the settlement reached in this matter. A copy of the settlement agreement will be separately submitted to the Court. All revisions from the original Cheeks submission filed are made here in **bold** for the Court's convenience.

This is an action by Plaintiffs for alleged unpaid overtime pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL").

Defendants dispute these claims and maintain that Plaintiffs were paid in accordance with the law. If Plaintiffs were to prevail on all of their claims, their unpaid wages would total approximately One Hundred and Twenty Thousand Dollars and Zero Cents ($120,000.00).

The allegations in this case are unusual in that the Plaintiffs are alleging that Defendants required them to work throughout their lunch, as well as after they clocked out, so that Defendants did not have to pay them overtime wages. Therefore, the time records themselves in this case do not necessarily demonstrate that any amounts are owed to the Plaintiffs without reviewing them in conjunction with other evidence. Rather, Plaintiffs' testimony of actual hours worked, coupled screen recordings of altered schedules - evidence that Defendants manipulated the record of Plaintiffs' schedules to match the time records - substantiates the amount damages in this case.

Olivia Sciacovelli alleges that she is owed approximately $6,000 by Dr. Jodlowksi. This amount represents a pay raise that she was promised, but not paid, a claim which Plaintiffs allege is substantiated by an audio recording between her and Dr. Jodlowski, plus attorney's fees, which Defendants claim is not substantiated.

Although the parties do not have deposition transcripts as this matter tentatively settled before the completion of depositions, it is Plaintiffs' counsels' best recollection that Carolina Vasquez alleged during her deposition that she worked approximately ten hours after she clocked out each week, plus through lunch. Therefore, the amount owed to her would be approximately $12,800.00.

Brittany Kiechle was part time. The amount that she alleges she worked, but was not paid was less than five overtime hours each week for a maximum total amount of $5,000.00 owed in overtime wages.

Plaintiffs' counsel's best recollection, without having a copy of the deposition transcript, is that Chloe Swain had testified that she was owed approximately $25,000.00 originally, which represented approximately 7.5 additional hours each week. However, upon

**further questioning, it was determined that she had taken a break from her employment for a period of time, further reducing the amount that would be owed to her to approximately $12,000.00.**

**Matthew Cerasaro did not testify in this matter, but from reviewing the schedules in conjunction with the time records, he verily believes he is owed approximately ten to seventeen hours over his scheduled amount per week. Therefore, the amount owed to him would be approximately $70,000.00. However, that amount may be discounted by the amount that he was already paid as a base rate. The paystubs themselves demonstrate that there were approximately seven pay periods where he worked more than 80 hours in a two week period. Of those seven, only 2 pay periods were over 90 hours worked. However, Defendants argue that there is evidence that Matthew Cerasaro was a supervisor, supervising various employees and thus, not entitled to overtime during these periods. Therefore, the amounts owed to all Plaintiffs collectively would be approximately $120,000.00, if their testimony is to be credited.**

If Defendants prevailed on just their stronger defenses, they claim that Plaintiffs would not be entitled to any damages at all. The gross settlement amount is Fifty-Seven Thousand Dollars ($57,000.00) to be paid in six equal installments. The parties' settlement provides that expenses (which are approximately Five-Hundred Dollars ($500.00) **as discussed below**) will be deducted from same. Plaintiffs' attorney has agreed, as a courtesy, to reduce her attorney's fees by an additional Three Thousand Eight Hundred and Thirty-Three Dollars and Fifteen Cents ($3,833.15) and to calculate her attorney's fees portion after, rather than before, expenses have been paid to each Plaintiff.

Moreover, as part of the settlement agreement, Defendants have agreed to discontinue an action currently pending in New York State Supreme Court, County of Dutchess ("State Court Action"), against two of the Named Plaintiffs, Olivia Sciacovelli and Matthew Cerasaro. In that action, Defendants are alleging damages against Ms. Sciacovelli and Mr. Cerasaro in an amount in excess of Five Hundred Thousand Dollars ($500,000.00).

This reflects a reasonable compromise between the parties' vastly different claims. Given the sharp divisions in the parties' version of events, the deposition testimony of three named Plaintiffs and the documentary evidence available, this range of recovery is reasonable. The foregoing settlement was reached after lengthy settlement discussions between counsel over the course of this action, which was commenced in January 2020.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10- cv471, 2011 WL 4357376, at* 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn' s Food Stores, Inc. v. United States, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)). The settlement agreement reached by the parties is fair. Although Plaintiffs recollection of their hours is sufficient to prove the hours that they worked and the wages they received, Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in Gorman v. Consol. Edison Corp., 488 F.3d 586, 590 (2d Cir. 2007), their recollections are not binding on the fact finder. Given Plaintiffs' interest in the outcome of this matter, it is quite possible that the fact finder would apply some discount factor to their claimed hours or would not give any credence to their allegations at all.

In addition, although the settlement does not award Plaintiffs liquidated damages to which they may be entitled, as noted above, the settlement provides, with certainty, that Plaintiffs will each receive at least a portion of unpaid overtime wages they claim, as well as a resolution of the New York State Court action. The Plaintiffs, including the three named Plaintiffs, Brittany Kiechle, Carolina Vasquez, and Chloe Swain, have been counseled that they do not have to take into consideration the New York State Court action in determining whether to accept this settlement given that they are not named in that action. They also have signed conflict waivers and have been encouraged to also speak to individual counsel if they feel that they need to ensure that their individual interests are met through this settlement. Counsel for Olivia Sciacovelli and Matthew Cerasaro in the New York State Court Action was also consulted in determining whether this settlement was advisable.

All Plaintiffs have represented that they believe this settlement to be fair and that the reduced amount of the settlement is reasonable given the defenses raised by the Defendants in this action. Moreover, all Plaintiffs agreed that they wanted to proportionally divide the recovery by the amounts they believed to be owed to each other by Defendants, calculations which they made collectively and after extensive consideration.

The Plaintiffs have requested that the settlement be divided in the following proportions: Chloe Swain: 12.5%; Carolina Vasquez: 12.5%, Brittany Kiechle: 5%, Matthew Cerasaro: 35%, Olivia Sciacovelli: 35%.

**Plaintiffs, in collectively determining the percentages that each would recover, informed Plaintiffs' counsel that they wanted to take into consideration, not only the proportionate amount of wages owed, but also the substantial amount of attorney's fees that Olivia Sciacovelli and Matthew Cerasaro incurred out of pocket in the State Court**

**Action (they were represented by separate counsel) because resolution of that action drove the resolution of this action. In fact, Ms. Kiechle, at first, requested that she be permitted to forgo her portion so that Olivia Sciacovelli could recover more in consideration of the attorney's fees she bore in the State Court Action. However, after much discussion, Plaintiff Kiechle agreed to accept 5% of the recovery for the wages owed to her. The percentages are proportionate to the actual amount of wages owed to each Plaintiff, other than Plaintiff Sciacovelli, whose percentage is higher in consideration of the attorney's fees incurred in the State Court Action.**

### Attorney's Fees

Plaintiffs' attorney's fees will be taken from the settlement of this action in an amount equal to Thirty-Three and One Third (33 1/3) percent of Plaintiff's total recovery after expenses have been re-paid to Plaintiffs, minus a courtesy discount. The total amount of attorney's fees owed after expenses equals Eighteen Thousand Eight Hundred and Thirty-Three Dollars and Fifteen Cents ($18, 833.15). However, to facilitate settlement, Plaintiffs' attorney has offered and agreed to reduce the legal fee to Fifteen Thousand Dollars ($15,000.00), which is proportionate or less than what her fee would have been had she charged Plaintiffs her hourly rate rather than a contingency rate in this case.

**Plaintiff's counsel's request for attorneys' fees in the amount of is reasonable. Whether an attorneys' fee award is reasonable is within the discretion of the court. <u>Black v. Nunwood, Inc.,</u> 13 Civ. 7207 (GHW), 2015 WL 1958917 at \*4 (S.D.N.Y. Apr. 30, 2015) (Woods, D.J.) (collecting cases).**

**Under the lodestar method, the "lodestar" is calculated as the product of a reasonable hourly rate and the reasonable number of hours required by the case, creating a**

presumptively reasonable fee. **Perez v. AC Roosevelt Food Corp.**, 744 F.3d 39, 44 (2d Cir. 2013) (Jacobs, Cir. J., dissenting).

The hourly rates used in making a fee award should be "what a reasonable, paying client would be willing to pay." **Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany**, 522 F.3d 182, 184 (2d Cir. 2007). This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." **Blum v. Stenson**, 465 U.S. 886, 895 n.11 (1984); accord **Reiter v. MTA N.Y.C. Transit Auth.**, 457 F.3d 224, 232 (2d Cir. 2006). In determining reasonable hourly rates, a court should first examine the attorneys' experience. **Kahlil v. Original Old Homestead Rest., Inc.**, supra, 657 F. Supp. 2d at 475. The court should not only consider the rates approved in other cases in the District, but should also consider any evidence offered by the parties. **Farbotko v. Clinton Cty.**, 433 F.3d 204, 208-09 (2d Cir. 2005). The Court is also free to rely on its own familiarity with prevailing rates in the District. **A.R. ex rel. R.V. v. New York City Dep't of Educ.**, 407 F.3d 65, 81 n.16 (2d Cir. 2005); **Miele v. New York State Teamsters Conference Pension & Ret. Fund**, 831 F.2d 407, 409 (2d Cir. 1987).

I have submitted contemporaneous time-sheets documenting the hours spent on this action in the attorney declaration annexed hereto. I am an attorney at Corbally, Gartland & Rappleyea, LLP and have been practicing for ten years. I have significant FLSA experience in wage-and-hour collective cases. My hourly rate typically ranges from $300.00 per hour to $400.00 per hour depending on the type of matter. Here, the lodestar method is calculated using the lower $300 per hour rate. I was lead and sole counsel and performed the work for this matter. My law firm expended 93.95 billable hours in connection with this matter

including Court appearances, telephone conferences, office conferences, depositions, settlement conferences, and discovery. This matter has been pending since January 23, 2020, with Plaintiff's counsel engaging in significant settlement discussions prior to that time since approximately January 2019.

Using the Lodestar method, the attorney's fees owed would be $27,637.50 at $300.00 per hour for attorneys and $150.00 per hour for paralegals, which has been incurred up to and including June 14, 2021. Therefore, Plaintiff's counsel's request for 33 1/3 of the total recovery, minus an additional discount, for a total amount of $15,000.00 is reasonable.

## Expenses

The expenses incurred in this matter are as follows: $498.58, which was the $400 filing fee and a $98.58 Process Service fee. There was also $29.24 in unbilled expenses for LexisNexis legal research that was not charged to the Plaintiffs.

## Conclusion

The agreement was reached after many months of investigation and settlement discussions. During these settlement discussions, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles. Counsel for both sides also represented their respective clients zealously. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings. Defendant Hudson Valley Behavioral Solutions, LLC is a small business entity with limited financial resources. Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. Respectfully, it should be approved. See Reyes v. Altamarea Group, LLC, 10-cv6451 (RLE), 2011 WL 4599822 at*6 (S.D.N.Y.

Aug. 16, 2011) (Ellis, M.J.).

Dated: June 15, 2021
       Poughkeepsie, New York

                    CORBALLY, GARTLAND AND RAPPLEYEA, LLP

                    _____/s/ *Brooke D. Youngwirth*_____
                    Brooke D. Youngwirth, Esq. (BY1210)
                    *Attorneys for Plaintiffs*
                    35 Market Street
                    Poughkeepsie, New York 12601
                    (845) 454-1110

cc:    George F. Brenlla, Esq.
        BRENLLA, LLC
        *Attorneys for Defendants*
        250 Park Avenue, 7th Floor
        New York, New York 10177
        (212) 364-5173