## **SETTLEMENT AND GENERAL MUTUAL RELEASES**

This Settlement Agreement (the "Agreement") is made by and between CHLOE SWAIN, CAROLINA VASQUEZ, BRITTANY KIECHLE, MATTHEW CERASARO, and OLIVIA SCIACOVELLI (hereinafter also referred to as the "Plaintiffs") and DR. SHEILA M. JODLOWSKI, individually and in her representative capacity, and HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC (hereinafter collectively referred to as the "Defendants") on their behalf and for the benefit of all of their parent(s), subsidiaries, divisions, affiliates and other related entities, and all of their incumbent and former officers, directors, owners, trustees, investors, agents, heirs, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities (Plaintiffs and Defendants collectively referred to as "the Parties").

**WHEREAS,** Plaintiff CHLOE SWAIN alleges she worked for the Defendants from approximately April 2017 to January 2019;

**WHEREAS**, Plaintiff CAROLINA VASQUEZ alleges she worked for the Defendants she from April 2017 to March 2019;

**WHEREAS**, Plaintiff BRITTANY KIECHLE alleges she worked for the Defendants from July 2017 to January 2019;

**WHEREAS**, Plaintiff MATTHEW CERASARO alleges he worked for the Defendants March 2015 to October 2018;

**WHEREAS**, Plaintiff OLIVIA SCIACOVELLI alleges she worked for the Defendants approximately September 2014 to October 23, 2018 (later referred to collectively as "Plaintiffs' Respective Employment Periods");

**WHEREAS**, on or about January 23, 2020, Plaintiffs CHLOE SWAIN, CAROLINA VASQUEZ, and BRITTANY KIECHLE, on behalf of themselves individually, and on behalf of all other persons similarly situated that were employed by Defendants, filed a Complaint in the United States District Court for the Southern District of New York, under Civil Action No.: 7:20-cv-00617 (the "Lawsuit"), alleging, among other things, that the Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay overtime wages;

WHEREAS, on or about February 11, 2020, Defendant HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC filed a Complaint in the Supreme Court of New York, County of Dutchess, under Index Number 2018-51817 (the "New York State Court Action") against MATTHEW CERASARO and OLIVIA SCIACOVELLI;

**WHEREAS**, on or about March 5, 2021, Plaintiffs CHLOE SWAIN, CAROLINA VASQUEZ, and BRITTANY KIECHLE were granted leave to amend to file a First Amended

Complaint whereby Plaintiffs MATTHEW CERASARO and OLIVIA SCIACOVELLI were added as parties;

**WHEREAS**, all parties have denied all claims asserted against them and a Court has not made any findings with respect to the merits of any party claims;

**WHEREAS**, the Defendants and Plaintiffs (collectively, the "Parties") desire to resolve and settle this matter, as well as any and all issues relating to Plaintiffs' employment and/or Plaintiffs' separation from employment with the Defendants, in an amicable manner without the expense, burden and risk of continued litigation,

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of all claims against the Defendants and the Releasees as set forth below, the Defendants, jointly and severally, will provide Plaintiffs with a payment in the gross amount of Fifty-Seven Thousand Dollars and Zero Cents ($57,000.00) (the "Settlement Amount"), inclusive of all attorney's fees and costs, in six equal monthly installments of Nine Thousand Five Hundred Dollars and Zero Cents ($9,500.00), which shall be paid and distributed as follows:

    a. The Defendants will deliver the payments described in Paragraph 1 to Plaintiffs' counsel, Corbally, Gartland & Rappleyea, LLP, 35 Market Street, Poughkeepsie, New York 12601 (or any other address provided by Plaintiff's counsel) on the first (1st) day of each month from December 1, 2021 through May 1, 2022. The checks shall be made payable to "Corbally, Gartland & Rappleyea, as attorneys."

    b. Defendants' first installment payment shall be made within ten (10) business days of the receipt by Brenlla, LLC, as counsel for the Defendants, of the original Agreement which has been executed by Plaintiffs, the Stipulation of Discontinuance of the New York State Court Action with Mutual Releases (annexed hereto as Exhibit A and incorporated herein by reference), and a Stipulation of Order of Dismissal With Prejudice of the Lawsuit (annexed hereto as Exhibit B and incorporated herein by reference), from Plaintiffs' counsel. It is anticipated that this payment will be made on or before December 1, 2021.

    c. Plaintiffs' counsel agrees, by execution of this Agreement, that it will hold these payments in escrow and will not deposit or distribute to itself or its client any of the payments referenced in Paragraph 1 until the completion of all of the following events: (i) the Agreement is executed by all Parties; (ii) the Parties file the Stipulation of Dismissal With Prejudice; (iii) the Mutual Releases are executed by Defendants and Plaintiffs OLIVIA SCIACOVELLI and MATTHEW CERASARO; (iv) the Parties, Defendant HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC, OLIVIA SCIACOVELLI, and MATTHEW CERASARO, through their respective counsel in

that action, file the Stipulation of Discontinuance of the State Court Action with Prejudice with the Dutchess County Clerk's Office; (v) this Court enters an agreed Order of Dismissal, dismissing the Lawsuit with prejudice; (vi) all six installment payments have been made by Defendants. The Defendants' obligation to make the payments described in Paragraph 1 is conditioned upon the receipt of the above-referenced documents (hereinafter, "Effective Date").

    d. The proceeds, held in escrow by Corbally, Gartland & Rappleyea, shall be distributed as follows:

        i. Corbally, Gartland & Rappleyea shall receive Fifteen Thousand Dollars ($15,000.00) in attorney's fees;

        ii. Chloe Swain shall receive Five Thousand Two Hundred and Eighty-Seven Dollars and Thirty-Eight Cents ($5,287.39);

        iii. Carolina Vasquez shall receive Five Thousand Two Hundred and Eighty-Seven Dollars and Thirty-Eight Cents ($5,287.39);

        iv. Brittany Kiechle shall receive Two Thousand One Hundred and Seventy-Four Dollars and Seventy-Nine Cents ($2,174.80);

        v. Matthew Cerasaro shall receive Fourteen Thousand Six Hundred and Twenty-Five Dollars and Twenty-One Cents ($14,625.21);

        vi. Olivia Sciacovelli shall receive the amount of Fourteen Thousand Six Hundred and Twenty-Five Dollars and Twenty-One Cents ($14,625.21);

The amounts payable to Plaintiffs represent consideration for signing this Agreement and for the covenants contained herein. Defendants shall issue six IRS Form 1099s, one to Corbally, Gartland & Rappleyea and one to each of the Plaintiffs respectively, in the amounts delineated above.

Plaintiffs acknowledge and agree that (i) the consideration set forth in this Paragraph 1 constitutes fair consideration for signing this Agreement and agreeing to the terms and conditions set forth herein; (ii) the consideration set forth in this Agreement constitutes full accord and satisfaction for all amounts due and owing to them, including, but not limited to, all wages, overtime, bonuses, paid time off or other payments which may have been due and owing to them; and (iii) their eligibility for, entitlement to, and accrual of, any payments or benefits from the Defendants, including, but not limited to, wages, overtime, bonuses, paid time off, and any insurance or fringe benefits, terminated on the last day of Plaintiffs' employment with the Defendants. Except as set forth in this Paragraph 1, Plaintiffs are not entitled to, and shall not receive, any other payments or benefits from the Defendants or the Defendants Releasees (defined below).

The parties agree that the court shall maintain jurisdiction of this matter until compliance with this Agreement, including full payment to Plaintiffs of all sums due hereunder, is complete. Should Defendants fail to make any installment payment in a full and timely manner, the Parties agree that this Agreement will be null and void. Defendants explicitly agree that this Settlement Amount is non-dischargeable and that if any of the Defendants files with any bankruptcy court or

becomes the subject of any petition of order of relief under the Bankruptcy Code, Plaintiffs shall be entitled to relief under the automatic stay and agrees not to oppose any motion by the Plaintiffs, individually, or collectively, for relief from an automatic stay imposed by Section 362 or any similar statute.

2. **Order of Dismissal.** Court dismissal of this action, as well as the dismissal of the New York State Court Action are material conditions of this Agreement and the Parties obligations hereunder. Failure of the Court to enter an Order of Dismissal of the Lawsuit renders this Agreement null and void. Moreover, failure of Defendant HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC (or the Dutchess County Supreme Court of the State of New York, if required) to discontinue the State Court Action with Prejudice renders this Agreement null and void. Plaintiffs may then apply to the Court to re-open this action if discontinued.

3. **Mutual Releases.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, and those acting on behalf of or in privity with them, and to such person(s) or entities only to claims arising from actions taken in their capacities as such, freely and irrevocably hereby relinquish, discharge, waive, and release the Defendants, and those acting on behalf of or in privity with them, and as to such person(s) or entities only to claims from actions taken in their capacities as such (hereinafter collectively referred to as "DEFENDANTS Releasees") for any matters arising from the beginning of time to the effective date of this Agreement and General Release. Plaintiffs also release and discharge the DEFENDANTS Releasees from, and holds them harmless against, any and all claims, obligations or liabilities, they have or may have by reason of any matter, cause or thing whatsoever, whether known or unknown, including but not limited to, those claims arising from or out of their employment with DEFENDANTS and/or the termination of such employment from the beginning of time to the effective date of this Agreement and General Release, including without limitation, any claim under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.*, 42 U.S.C. Section 1981, the New York Executive Law, New York Labor Law, The New York State Paid Family Leave Act, New York State Paid Sick Leave Law, and any other federal, state or local law dealing with discrimination in employment on the basis of age, sex, gender, sexual orientation, sexual harassment, harassment, race, color, national origin, marital status, religion, retaliation, disability, handicap as well as any claims arising from any express, implied, oral or written contract, wrongful dismissal, tort, libel, slander, defamation, interference with career, intentional and/or negligent infliction of emotional distress, fraud, misrepresentation, physical or mental injuries, public policy, law, or equity and all claims for wages, compensation, bonuses, accrued time paid or unpaid, or expenses paid or unpaid during the term of their employment. Without limiting the foregoing, this Agreement and General Release shall specifically apply to all claims due to anything arising from or out of their employment or the termination of such employment and anything which happened before Plaintiffs sign this Agreement and General Release, even those claims which are not known to them. In addition, Plaintiffs waive all rights to recover any damages awarded as a result of any lawsuit brought by any third party or governmental agency on their behalf. Nothing in this Agreement prevents Plaintiffs from filing a charge with or assisting the U.S. Equal Employment Opportunity Commission or any other governmental agency, but to

the maximum extent permitted by law, Plaintiffs may not recover anything in relation to such charge.

In exchange for and in consideration of the covenants and promises contained herein, Defendants, individually and on behalf of themselves and their spouses, heirs, executors, testators, representatives, agents, affiliates, subsidiaries, employees, successors and assigns, freely and irrevocably hereby relinquish, discharge, waive, and release the Plaintiffs, and those acting on behalf of or in privity with them, and to such person or entities only to claims arising from actions taken in their capacities as such (hereinafter collectively referred to as "PLAINTIFFS Releasees") for any matters arising from the beginning of time to the effective date of this Agreement and General Release. Defendants also release and discharge the PLAINTIFFS Releasees from, and holds them harmless against, any and all claims, obligations or liabilities, they have or may have by reason of any matter, cause or thing whatsoever, whether known or unknown, including but not limited to, those claims arising from or out of their employment with DEFENDANTS and/or the termination of such employment from the beginning of time to the effective date of this Agreement and General Release, including without limitation, any claim Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*., 42 U.S.C. Section 1981, the New York Executive Law, New York Labor Law, The New York State Paid Family Leave Act, New York State Paid Sick Leave Law and any claim under any other federal, state or local law, including, but not limited to any claims arising from any express, implied, oral or written contract, wrongful dismissal, tort, libel, slander, defamation, interference with career, intentional and/or negligent infliction of emotional distress, fraud, misrepresentation, physical or mental injuries, public policy, law, or equity and all claims for wages, compensation, bonuses, accrued time paid or unpaid, or expenses paid or unpaid during the term of their employment.  Without limiting the foregoing, this Agreement and General Release shall specifically apply to all claims due to anything arising from or out of their employment or the termination of such employment and anything which happened before Defendants sign this Agreement and General Release, even those claims which are not known to them.  In addition, Defendants waive all rights to recover any damages awarded as a result of any lawsuit brought by any third party or governmental agency on their behalf. This includes any claims to attorney's fees or expenses.

4. **Claims Excluded from the Agreement.** This release does not affect or limit: (1) claims that may arise after the date Plaintiffs sign this Agreement; (2) Plaintiffs' rights to enforce the terms of this Agreement; (3) claims for workplace injuries or occupational exposure which arise under any state's workers' compensation or unemployment benefit laws; (4) claims for benefits in which Plaintiffs have a vested right under any retirement, deferred savings or pension plan; (5) claims which cannot be released by law; or (6) claims to enforce or to challenge the validity of this Agreement.

5. **Dismissal of the Litigation.**

(a) The Parties acknowledge and represent that, except for this Action and the New York State Court Action, they are not presently aware of any legal proceedings pending between Plaintiffs and/or his representatives and the Defendants or any of the other Releasees

(PLAINTIFFS Releasees or DEFENDANTS Releasees). The Parties agrees to dismiss, with prejudice, any and all claims against the Defendants and all of the other PLAINTIFFS Releasees or DEFENDANTS Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Lawsuit and the New York State Court Action. Such dismissal and waiver of claims includes Plaintiffs' express waiver of their ability to act as a representative of any purported class.

(b) Plaintiffs hereby authorize their Counsel, concurrent with their execution of this Agreement, to execute the Stipulation of Dismissal With Prejudice (attached hereto as <u>Exhibit B</u>, which is incorporated to this Agreement by reference), and to take any and all steps necessary to effect the dismissal of the Lawsuit with prejudice as to their individual claims, and to waive, release and discharge with prejudice any and all rights, claims or causes of action Plaintiffs may have in the Lawsuit. The Defendants' obligations under this Agreement are strictly conditioned upon the Court's dismissal of the Lawsuit with prejudice, including the FLSA and NYLL claims.

(c) Defendants hereby authorize their Counsel, concurrent with their execution of this Agreement, to execute the Stipulation of Discontinuance (attached hereto as <u>Exhibit A</u>, which is incorporated to this Agreement by reference), and to take any and all steps necessary to effectuate the dismissal of the State Court Action with prejudice as to their claims, and to waive, release and discharge with prejudice any and all rights, claims or causes of action Defendants may have in the New York State Court Action. The Plaintiffs' obligations under this Agreement are strictly conditioned upon the Defendants' (or the Dutchess County Supreme Court of the State of New York, if required) dismissal of the New York State Court Action with prejudice.

(d) Plaintiffs, CHLOE SWAIN, CAROLINA VASQUEZ, and BRITTANY KIECHLE, have been counseled and acknowledge that they do not have to take into consideration the New York State Court action in determining whether to accept this settlement given that they are not named in that action. They have been encouraged to also speak to individual counsel if they feel that they need to ensure that their individual interests are met through this settlement. OLIVIA SCIACOVELLI and MATTHEW CERASARO acknowledge that they were given the opportunity to consult with their counsel in the New York State Court Action, Corbally Gartland and Rappleyea, LLP, in determining whether this settlement was advisable.

6. **Bona Fide Dispute; Denial of Wrongdoing.**

(a) This Agreement is in settlement of disputed claims. The Parties agree that there is a bona fide dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiffs, as indicated in Paragraph 1, is a fair and reasonable resolution to this bona fide dispute and for a full release of all claims.

(b) It is agreed and understood between the Parties that nothing contained in this Agreement, nor the fact that Plaintiffs have been provided with any consideration under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by the Defendants or any of the PLAINTIFFS Releasees or DEFENDANTS Releasees. The Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiffs, including with respect to his employment or the termination thereof, and asserts that

they have, at all times relevant hereto, acted in good faith and in compliance with the law. Plaintiffs and Corbally, Gartland & Rappleyea understand that they are solely responsible for any and all tax consequences based on settlement amount in paragraph 1 of this Agreement and hold Defendants harmless for any and all tax liabilities.

7. **Non-Disparagement.** Plaintiffs agree not to make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendants or any of DEFENDANTS Releasees, whether by electronic, written, or oral means, to any of Defendants' past, present or future clients, competitors, employees, or to any other person (including, but not limited to, the press or other media). Defendants agrees that no officer, director, or trustee, including, but not limited to Defendant DR. SHEILA M. JODLOWSKI shall make or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about the Plaintiffs or PLAINTIFFS Releasees, whether by electronic, written, or oral means, to any person. It shall not be a violation of this paragraph:

- for any Party to provide truthful testimony in any proceeding or before any administrative agency, tribunal, arbitration, or court; or
- for Plaintiffs to make truthful statements about their experience litigating this case.

8. **Employment References.** In the event Defendants are contacted for a reference by a prospective employer of Plaintiffs, Defendants shall respond by providing solely Plaintiffs' dates of employment, position held and, if authorized by Plaintiffs in writing, Plaintiffs' final rate of compensation.

9. **Choice of Law and Forum.** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in United States District Court in the Southern District of New York, and the Parties hereby submit to the exclusive jurisdiction and venue of this court and waive any claim of an inconvenient forum.

10. **Entire Agreement.** Plaintiffs acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that the Defendants have made no promises to them other than those contained in this Agreement.

11. **Severability.** The Parties agree that in the event any sentence(s) or provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such sentence(s) or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

12. **Modification.** This Agreement may not be changed, waived, or supplemented unless such change, waiver or supplementation is in writing and signed by Plaintiffs, Defendant DR. SHEILA M. JODLOWSKI, and an authorized representative of the Defendant HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC.

13. **General Provisions.** The failure of any party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it. This Agreement may be signed in counterparts and may be delivered by facsimile or e-mail. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof.

14. **Review Period.** By signing this Agreement, Plaintiffs acknowledge that:

(a) They are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them individually;

(b) They have signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the PLAINTIFFS Releasees or DEFENDANTS Releasees or anyone acting on their behalf to induce them to enter into this Agreement;

(d) They were advised, and hereby are advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

16. **Facsimile/Email**. A facsimile or email copy of this Agreement will have the same force and effect as the original.

**BY SIGNING THIS AGREEMENT, THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. THE PARTIES ARE ALSO ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS THEREOF**, the Parties hereto evidence their agreement by their signatures below.

**AGREED:**

HUDSON VALLEY BEHAVIORAL SOLUTIONS, LLC

By: _____
      Dr. Sheila M. Jodlowski


By: _____
      Dr. Sheila M. Jodlowski, Individually
      and in her representative capacity


By: _____
      Carolina Vasquez

By: _____
      Britany Kiechle

By: _____
      Matthew Cerasaro

By: _____
      Olivia Sciacoveli

By: _____
      Chloe Swain


CORBALLY GARTLAND AND RAPLEYEA, LLP


_____
Paul Sullivan, Esq. (5789)
Attorneys for Plaintiffs
35 Market Street
Poughkeepsie, NY    12601
(845) 454-1110